UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 08-60258-BP-11 |
| ZIPCO INTERNATIONAL PRODUCTS § | |
| COMPANY, INC. § | |
| § | Chapter 11 |
| Debtor § | |
| § | Hearing: October 7, 2008 at 9:30 a.m. |

**TEXAS WORKFORCE COMMISSION'S RESPONSE IN SUPPORT OF**
**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' MOTION TO DISMISS**

The Texas Workforce Commission ("TWC"), appearing through the Texas Attorney General's office, files this Response in Support of the Texas Comptroller of Public Account's ("Comptroller") Motion to Dismiss [Docket No. 277], and would show:

1. Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 26, 2008.

2. Debtor is delinquent with unemployment taxes due post-petition to the TWC; cause for dismissal under § 1112(b)(4)(I) of the Bankruptcy Code. Specifically, Debtor has not paid unemployment taxes for the post-petition portion of the first quarter 2008 or for the second quarter 2008. On September 3, 2008 the TWC filed an administrative expense proof of claim in the amount of $2,457.25 [Claim Register No. 57-2] for the post-petition delinquencies.

3. Debtor is operating in violation of 28 U.S.C. §§ 959(b) and 960 which require a debtor in possession to manage and operate property of the estate according to the requirements of state law in the same manner the owner or possessor of such property would be bound to do outside of bankruptcy. The Debtor is not in compliance with 28 U.S.C. §§ 959(b) and 960 because Debtor has failed to pay post-petition unemployment taxes when due. Congress amended § 960 in 2005 to

explicitly require that post-petition taxes "be paid on or before the due date of the tax under applicable non-bankruptcy law." Here, Debtor is required to remit Texas unemployment taxes on a timely basis accompanied by sworn returns pursuant to the Unemployment Compensation Act.

4. Pursuant to § 1112(b), upon the request of a party in interest, and after notice and a hearing, the court shall dismiss a Chapter 11 case or convert a Chapter 11 case to a case under Chapter 7, whichever is in the best interest of the creditors and the estate, for cause, including failure to pay post-petition taxes when due. Courts have held the failure to pay post-petition taxes when due is cause for dismissal under 11 U.S.C. § 1112(b). *See* Berryhill v. United States (In re Berryhill), 189 B.R. 463 (N.D. Ind. 1995), citing In re Hinchcliffe, 164 B.R. 45 (Bankr. E.D. Pa. 1994) and In re Vela, 87 B.R. 229 (Bankr. D. P.R. 1988). *See also* In re Koval, 205 B.R. 72 (Bankr. N.D. Tex. 1996)(citing Berryhill in dismissing a Ch. 13 case for failure to timely pay post-petition taxes). Congress codified such holdings in 2005 with the addition of § 1112(b)(4)(I) which expressly states that, "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief" is "cause" for dismissal.

5. Should the court, in its discretion, determine that conversion of this case to Chapter 7 is in the best interest of creditors, as opposed to dismissal, then the TWC requests that such alternative relief under § 1112(b) be granted.

WHEREFORE, the TWC requests that this case be dismissed or that alternative relief under § 1112(b) be granted, and for such further relief as is just.

                                      Respectfully submitted,

                                      GREG ABBOTT
                                      Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Kimberly Walsh*
KIMBERLY WALSH
Assistant Attorney General
Texas State Bar No. 24039230
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 475-4863
Facsimile: (512) 482-8341
kimberly.walsh@oag.state.tx.us

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2008, a true copy of the foregoing was served by the method and to the following parties as indicated:

By Regular First Class Mail:

Zipco International Products Company, Inc.
6208 SH 42 North
Kilgore, TX 75663

By Electronic Means as listed on the Court's ECF Noticing System:

George Manion Conner fileconner@spyderinternet.com.
Donald W. Cothern doncothern@sbcglobal.net
Jeffrey R. Cox jcox@slmpc.com
Dewey M. Dalton dmd@daltonlawfirm.net
Jeffrey S. Davis sharonlee3157@sbcglobal.net
Patrick D. Devine pdevine@pdevinelaw.com

Dennis A. Dressler ddressler@dresslerpeters.com
Lew Dunn dunn@texramp.net
Michael Patrick Duray mduray@ont.com, mduray@ont.com
Eric A. Liepins eric@ealpc.com, martha@ealpc.com
John Mayer jmayer@rossbanks.com
William Thomas McLain wtm@reaganmclain.com
John Christopher Middleton john.middleton@haynesboone.com
Carrie R. Mitchell cmitchellesq@earthlink.net
Mitch Motley mmotley@ccfww.com, cmiley@ccfww.com
Timothy W. O'Neal Timothy.W.O'Neal@USDOJ.GOV, USTPRegion06.TY.ECF@USDOJ.GOV
Timothy W. O'Neal USTPRegion06.TY.ECF@USDOJ.GOV
Blake Rasner brasner@haleyolson.com, jrostockyj@haleyolson.com;cfarris@haleyolson.com
Michael Reed dgibson@mvbalaw.com;danielle.goff@mvbalaw.com;kmorriss@mvbalaw.com
Scott Alan Ritcheson scottr@rllawfirm.net, andreah@rllawfirm.net;mistyb@rllawfirm.net
Andrea F. Roosth andrear@lawbbj.com
Sidney H. Scheinberg sid@gpm-law.com, sidscheinberg@sbcglobal.net;;;swu@gpm-law.com
Joshua P. Searcy jrspc@jrsearcylaw.com, joshsearcy@jrsearcylaw.com
Dean Allen Searle klled218@gmail.com
Tom W. Sharp tsharp@blalack.com
Sharon H. Sjostrom ssjostrom@blalack.com
Laurie A Spindler laurie.spindler@publicans.com, Matilde.Alvarado@publicans.com;Dallas.Bankruptcy@publicans.com
Joe K. Thigpen joethigpen@yahoo.com
Stephen G. Wilcox gcolvilleedtx@basselwilcox.com, aaustin@basselwilcox.com

*/s/ Kimberly Walsh*
KIMBERLY WALSH