Eric A. Liepins
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
Ph. (972) 991-5591
Fax (972) 991-5788

ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| ZIPCO INTERNATIONAL PRODUCTS | § | Case no. 08-60258-BP-11 |
| COMPANY, INC. | § | CHAPTER 11 |
|     DEBTORS | § | |

MODIFICATION TO
DEBTOR ZIPCO INTERNATIONAL PRODUCTS COMPANY, INC., 'S PLAN OF
REORGANIZATION DATED AUGUST 8, 2008

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE BILL PARKER:

COMES NOW, Zipco International Products Company, Inc., ("Debtor") in the above styled and numbered causes and files this its Modification Pursuant to 11 U.S.C. 1127(a) to its Plan of Reorganization, and in support therefore would respectfully show unto the Court as follows:

1.  The Debtor filed a Plan of Reorganization on or about August 8, 2008 ("Plan").

2.  The Debtor has received certain objections to the Plan.

3.  The Debtor purposes to modify the Plan as follows:

   A.  Section 5.2 shall be modified to read:

   5.2   <u>Class 1 Claimants</u> (Allowed Administrative Claims of Professionals and US Trustee) are unimpaired and will be paid in cash and in full on the Effective Date of this Plan.

Professional fees are subject to approval by the Court as reasonable. Debtor's attorney's fees approved by the Court and payable to the law firm of Eric Liepins, P.C. will be paid immediately following the later of Confirmation or approval by the Court out of the available cash. The Unsecured Creditors have also retained counsel, Patrick Devine, who will be paid upon approval of his fees from the assets of the estate. Additionally, the Texas Comptroller has asserted post-petition administrative claims from sales, TERP and unemployment taxes in the total amount of $51,131.64. In the event the Comptroller is allowed any Administrative claims they will be treated as Class 1 claims and paid in accordance with the provisions of the Bankruptcy Code. This case will not be closed until all allowed Administrative Claims are paid in full. Class 1 Creditor Allowed Claims are estimated as of the date of the filing of this Plan to not exceed the amount of $150,000 including Section 1930 fees. Section 1930 fees shall be paid in full prior to the Effective Date. The Debtors are required to continue to make quarterly payments to the U.S. Trustee and may be required to file post-confirmation operating reports until this case is closed. The Class 1 Claimants are not impaired under this Plan.

      B.      Section 5.4 shall be modified to read as follows:

5.4    <u>Class 3 Claimants</u> (Allowed Priority Tax Creditor Claims) are impaired and shall be satisfied as follows: The Allowed amount of all Priority Tax Creditor Claims shall be paid out of the Transferred Assets after payment of any secured creditor claims against the Transferred Assets. The Debtor believes that it has the following Priority Tax Claims. First the Internal Revenue Service ("IRS"). The IRS has filed a Priority Proof of Claim in the Amount of $865,098.90. Second, the Texas Comptroller of Public Accounts ("Comptroller"). The Comptroller has filed a Priority Claim in the amount of $522,986.52. Third, the Texas Workforce Commission ("TWC"). The TWC has filed a Priority Proof of Claim in the amount of $ 14,286.15. The Debtor has or will file objections to the Priority Proofs of Claim of the IRS and the Comptroller. To the extent those claims are allowed they will be paid in accordance with the provisions of the Bankruptcy Code by the Liquidation Trustee. These Claims shall receive interest on their Allowed Claims. The post-confirmation interest rate for the Internal Revenue Service shall be 5% and for the Comptroller shall be 8.25%.

      C.      Section 5.7 shall be modified to read as follows:

5.7    <u>Class 6 Claimant (Allowed Secured Claims of W.E. Sword)</u> is impaired and shall be satisfied as follows: Pursuant to that certain Court order dated June 11, 2008 the Debtor incurred certain post-petition debt to W.E. Sword pursuant to 11 U.S.C. §364(c)(3) in the amount of $125,000.00. The Class 6 Claim of W.E. Sword shall be paid, with interest from September 11, 2008 to the date of payment at 4.5% per annum, on the Effective Date. W.E. Sword's liens and security interests described in the June 11, 2008 Order on Motion to Incur Post-Petition Indebtedness shall survive confirmation of this Plan and remain attached to the collateral and perfected in accordance with the terms of such order. No potential claim against W.E. Sword relating to pre-petition

transactions would otherwise prohibit the payment to W.E. Sword of this Allowed Class 6 Claim.

   D. Section 6.6 shall be modified to read as follows:

6.6 <u>**Liquidation**</u>: On the Effective Date, the Transferred Assets shall be transferred to the Trust, subject to any valid and unavoidable lien, security interest, mortgage, or other interest, to be sold or otherwise liquidated in accordance with the terms of this Plan. Based upon a review of the records of the Debtor, the Debtor would show that the order of lien priority of distributions in the Trust would be, ad valorem taxes claims, Texas Bank and Trust, Goodman Factors, IRS (to the extent of their secured claims) and W. E. Sword (to the extent of his Allowed Class 6 Claim). Subject to the terms of this Plan, liquidation of the Transferred Assets shall be made in a manner reasonably calculated under the then existing circumstances to maximize the proceeds within the period necessary to timely fund the payment of classes and interests under the Plan. In order to carry out an orderly liquidation of the Transferred Assets, the Liquidation Trustee and their agents and nominees may appoint necessary personnel including management, and may carry on operations for the preservation and liquidation of the of the Transferred Assets, to obtain a fair and reasonable value for the Transferred Assets for the benefit of creditors.

   E. Section 6.8.7 shall be modified to read as follows:

6.8 <u>**Powers of Liquidation Trustee**</u>: Except as otherwise provided in this Plan, the Liquidation Trustee shall have all of the following rights and powers:

7. Seek a determination from the Court of the Allowed Amount of any Claim or Interest against the Trust, including filing objections thereto and pursuing any contest or adversary proceedings with regard thereto and entering into any compromise or settlement thereof, and to execute any contract, including, without limitation, any release in connection with any such compromise or settlement. However, any claim which is compromised, settled and/or released in connection with any such compromise or settlement agreement set forth in this Plan is excluded. Additionally, this provision shall not prohibit the Reorganized Debtor from objection to the allowance of any claim. Any such objections must be filed within 60 days of the Confirmation Date;

   F. Section 9.2 shall be modified to read as follows:

9.2 No Claimant shall have the right to enforce any rights under this Plan until the Reorganized Debtor fails to cure any default hereunder within thirty (30) days of receipt of written notice of such default to Reorganized Debtor. Notwithstanding anything to the contrary, a failure by the Liquidation Trustee to make a payment to the Comptroller or TWC pursuant to the terms of the Plan shall be an Event of Default as to the Comptroller and/or TWC. If the Liquidation Trustee fails to cure an Event of Default to the

Comptroller or TWX within twenty (20) calender days after service of a written notice of default, then the Comptroller or the TWC may (a) enforce the entire amount of its claim(s) , (b) exercise any and all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this Court. The Liquidation Trustee will be allowed to cure no more than two Events of Default with the Comptroller or the TWX; a third Event of Default may not be cured.

      G.      Section 10.3 shall be deleted.

      H.      Section 12.3 shall be modified to read as follows;

12.3    All property of the Reorganized Debtor is free and clear of all Claims and interests of Creditors, except as to claims, secured claims or secured debentures and interests specifically granted in this Plan. Any property surrendered to a creditor under the terms of the this Plan or prior Order of the Court is surrendered in full satisfaction of all claims against the property.

      I.      Section 12.4 shall be modified to read as follows:

12.4    All Debts that arose before the Confirmation Date and any Debt of a kind specified in Section 502(g), 502(h) or 502(i) of the Code, whether or not a proof of claim based on such Debt is filed or deemed filed under Section 501, whether or not such Claim is allowed under Section 502, (and whether or not the holder of such Claim has accepted this Plan) are, fully and finally satisfied by this Plan. Notwithstanding the above or any other provision of the Plan, W.E. Sword and Stephen Sword shall be permitted to file their Claims (if any such Claims arise or otherwise exist) under 11 U.S.C. §502(h) as general Unsecured Claims.

      J.      Section 12.5 of the Plan shall be added and shall read as follows:

12.5    Notwithstanding any other provision of the Plan to the contrary, the rights and interests of W.E. Sword and Stephen Sword under 11 U.S.C. §509, including but not limited to their rights of subrogation (if any exist), will survive Confirmation and the assets of Debtor will pass to the Trust subject to any contingent subrogation claims, rights and interests of W.E. Sword and Stephen Sword. However, if Goodman Factors, Ltd. is paid the $600,000.00 described in Section 5.6 of this Plan and the claims of Goodman Factors, Ltd. (if any exist) against W.E. Sword and Stephen Sword now pending the case styled *Goodman Factors, Ltd. v. W.E. Sword, et al.,* Case No. 3:08-cv-1985, in the United States District Court for the Northern District of Texas, Dallas Division are dismissed with prejudice, then any contingent claims or interests of subrogation held by W.E. Sword or Stephen Sword arising from the Goodman Factors, Ltd. transactions shall be deemed (without further order of the court, notice or written instrument) to be released and discharged. Furthermore, the rights of W.E. Sword and Stephen Sword to request the reconsideration of any of their Claims under 11 U.S.C. §502(e) shall survive Confirmation.

4. The Debtor would show that these modification do not adversely affect any party who has previously voted to accept the Plan.

WHEREFORE PREMISES CONSIDERED , Debtor respectfully prays this Court enter an Order allowing the Modification to Plan as set forth herein, and for such other an further relief in law or in equity to which the Debtor may show itself justly entitled.

Respectfully submitted,

_/s/ Eric Liepins_____
Eric Liepins
12770 Coit Road, Suite 1100
Dallas, Texas  75251
(972) 991-5591
(972) 991-5788 fax
ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Modification was sent via e-mail to the following parties on this the 8th day of December 2008.

Scott Ritcheson
Kimberly Walsh
Martin Barenblat
Laurie Spindler
Patrick Devine
United States Trustee

__/s/ Eric Liepins _____
Eric Liepins